## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN GUERCIA, | ) | |
| | ) | |
| Plaintiff (s), | ) | |
| | ) | **Case No.** |
| v. | ) | |
| | ) | |
| US BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE FOR CSMC 2006-6, | ) | **Trial by Jury Demanded** |
| WELLS FARGO BANK NA, | ) | |
| | ) | |
| Defendant (s). | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, John Guercia, by and through Charles Wallshein Esq. as counsel, for his Complaint against Defendants, *U.S. Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006*-6, (hereinafter the "Trust") and Wells Fargo Bank N.A. (hereinafter Wells Fargo) states as follows:

## INTRODUCTION

1.       In January 2013, the Consumer Financial Protection Bureau ("CFPB") issued several final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

2.       Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z)(February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

3.      The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 12 C.F.R. §1024.2 (b) of the said Regulations.

4.      The Defendants in this case are subject to Reg X and Reg Z and RESPA and TILA generally.

5.       Plaintiff's claims are based upon the Defendants' unlawful conduct during the loan modification process both prior to and during the state court foreclosure action.

6.      There is a foreclosure action pending against John Guercia in the Supreme Court of the State of New York, Suffolk County, Index Number 15438/2011, wherein Defendant-*U.S. Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006*-6 (hereinafter "Defendant-Trust") seeks to foreclose his home located at 6 Mystic Way, Stony Brook, New York. The foreclosure action was commenced on May 11, 2011.

7.      At all times Wells Fargo has acted as the lawful agent for Defendant Trust in its role as Master Servicer for the Trust and as the loan servicing agent for the Trust.

8.      Plaintiff claims that Defendants committed civil fraud against Defendant including violations of 12 U.S.C. 2605(f), 12 C.F.R. §1024.35, 12 C.F.R. §1024.41, 15 U.S.C. §1692(a)(5). Plaintiff seeks monetary damages as relief pursuant to RESPA and pursuant to New York General Business Law §349 and for civil fraud under New York common law.

## PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff ("Guercia" or "Plaintiff") is the owner of the real property located at 6 Mystic Way, Stony Brook, New York (the "Home").

10.      At all times relevant, John Guercia is seized of a fee simple interest in the property and has maintained and currently maintains the Home as his primary, principal residence. Plaintiff is a resident of the State of New York, County of Suffolk.

2
Guercia Complaint

11.     Defendant Wells Fargo Home Mortgage is the servicer of a note executed by Plaintiff (the "Note") and a mortgage on the Home executed by Plaintiff that purportedly secures the Note (the "Mortgage") (collectively referred to hereinafter as the "Loan").

12.     At all relevant times the owner of the loan is an indenture trust identified as *U.S. Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6,* hereinafter "the Trust" or "Trust".

13.     The Trust is formed under the laws of the State of New York.

14.     Upon information and belief *U.S. Bank National Association, As Trustee* is the Trustee for the indenture trust that owns the subject loan.

15.     Defendant *U.S. Bank National Association, As Trustee* has its principal place of business in the State of Ohio.

16.     The entity that is servicing Plaintiffs' Mortgage loan was Wells Fargo Home Mortgage. Wells Fargo Home Mortgage is, upon information and belief a trade name and/or "doing business as" and/or a wholly owned subsidiary name for Wells Fargo Bank NA (hereinafter, "Wells Fargo").

17.     At all relevant times herein Wells Fargo is the Master Servicer for Defendant-Trust.

18.     Defendant Wells Fargo Bank NA is a banking corporation and National Association organized under the laws of the United States of America, with a principal place of business in the State of California.

19.     At all times hereinafter mentioned, pursuant to 12 C.F.R. §1024.31, *Loss mitigation option* means an alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower.

20.     At all times hereinafter mentioned, pursuant to 12 C.F.R. §1024.31, *Loss Mitigation Application* means an oral or written request for a loss mitigation option that is accompanied by any information required by a servicer for evaluation for a loss mitigation option.

21.     At all times hereinafter mentioned, pursuant to 12 C.F.R. §1024.31, *Loss Mitigation Option* means an alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower.

22.     At all times hereinafter mentioned, pursuant to 3 NYCRR 419.1(c), *Loan Modification* means waiver, modification or variation of any material term of the mortgage loan, irrespective of whether the duration is short-term, long-term or life-of-loan, that changes the interest rate, forbears or forgives the payment of principal or interest or extends the final maturity date of the loan.

23.     The issues presented in this litigation concern Plaintiffs' claims against Wells Fargo for mortgage loan servicing misconduct concerning violations of New York State and federal law.

24.     The issues presented in this litigation concern Plaintiff's claims against Defendants pursuant to federal question.

25.     State law also provides additional remedies to Plaintiff not available pursuant to federal law.

26.     All claims herein pursuant to federal and state law arise under a common nexus of facts.

27.     Plaintiff's supplemental claims pursuant to New York law may be heard in this Court pursuant to 28 U.S.C. §1367.

28.     Plaintiffs is a "consumer" as defined by 15 U.S.C. §1692a(3) because she is a natural person allegedly obligated to pay the Loan on the Home.

29.     The Loan is a "debt" within the meaning of 15 U.S.C. §1692a(5) because it arose from a transaction in which the money was used for personal, family, or household purposes. Plaintiffs incurred the Loan to purchase the Home.

30.     At all times relevant, Wells Fargo communicated with Plaintiff in attempting to collect the Loan on behalf of *U.S. Bank National Association, As Trustee.*

31.     Wells Fargo regularly uses the mail and other instrumentalities of interstate commerce to collect or attempt to collect debts owed or due or asserted to be owed or due another.

32.     Wells Fargo regularly and often represents the owners of mortgage notes such as the defendant Trust and regularly engages in collection through foreclosure of debts owed by consumers or communicates with mortgagors with respect to the servicing of residential mortgage loans.

33.     Wells Fargo is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

34.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, to wit; RESPA and the FDCPA.

35.     The case in controversy exceeds the threshold dollar amount for jurisdiction to maintain this action and is between citizens of different states.

36.     This Court has jurisdiction to hear this action pursuant to 28 U.S.C. 1332(a)(1).

37.     The Court has jurisdiction to hear supplemental state law claims pursuant to 28 U.S.C.  §1367.

38.     At all times hereinafter mentioned, pursuant to 3 NYCRR §419.7 the loan servicer has a duty of fair dealing when engaging in loan servicing activities with consumers.

39.     At all times hereinafter mentioned, pursuant to 3 NYCRR §419.7 Wells Fargo had and has a continuing duty to make borrowers in default aware of loss mitigation options and services offered by the servicer.

40.     At all times hereinafter mentioned, pursuant to 3 NYCRR §419.10 Wells Fargo had and has a continuing duty to comply with all applicable federal and New York State laws and regulations relating to mortgage loan servicing, including but not limited to RESPA, the Truth-in-Lending Act, 15 U.S.C. section 1600 *et seq.* and regulation Z adopted thereunder, 12 C.F.R. section 226 *et seq.*, section 6-k of the Banking Law and article 9, title 3-A, of the Real Property Tax Law.

41.     At all times hereinafter mentioned, pursuant to 3 NYCRR §419.6 Wells Fargo had and has a continuing duty to respond to consumer complaints.

42.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff maintains the Home as his primary residence within this District.

## THE UNMODIFIED MORTGAGE & NOTE

43.    On November 23, 2005 Plaintiff Guercia borrowed the sum of $720,000 from Mortgage Lenders Network. Please See **Exhibit "A" [Complaint Attachment "1-1"]**, Note, And **Exhibit "B"**, **[Complaint Attachment "1-2"]** Mortgage.

44.    Through an assignment of the note to the Trust, US Bank as Trustee has the right to collect payment under the note by and through its Master Servicer and loan servicing agent, Wells Fargo Bank NA and Wells Fargo Home Mortgage respectively. Upon information and belief, as of the date of this complaint Wells Fargo is the loan servicing agent for the Plaintiff's loan.

## BASIS FOR CLAIMS FOR RELIEF

45.    The Plaintiffs are asserting a claim for relief against the Defendants for breach of the specific Rules under Regulation X as set forth below.  The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees. The Plaintiff also make claims under state law for violations of GBL §349 for unfair and deceptive trade practices and the Plaintiffs claim actual damages and punitive damages.

46.    Plaintiff's claims arise pursuant to a set of events involving the foreclosure of his home located in Suffolk County, State of New York.

47.    In 2010, *U.S. Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6,* commenced an action in New York State Supreme Court for the County of Suffolk under Index Number: 15438/2011 to foreclose Plaintiff's home.

48.    Plaintiff-Guercia made application for mortgage loan modifications while the foreclosure action is pending.

49.    Wells Fargo did not review Plaintiffs for a permanent mortgage modification. Or, if Wells Fargo claims that it did review Plaintiffs for a permanent mortgage modification, then

Wells Fargo manipulated the process to deny Plaintiff the ability to submit a meaningful appeal to the denial of the modification.

50.     Defendant's failure to review Plaintiff for a permanent loan modification was an element of Defendant's plan to coerce Plaintiff into a short sale, cash for keys or other non-home retention option. Plaintiff earns and realizes a larger profit from the servicing of a defaulted loan than from servicing of a performing or modified loan. Moreover, once the Defendant's loan is modified by Wells the discount on the note would be impacted such that the loan as a performing loan is less desirable and less valuable to purchasers of the modified note on the secondary market. Wells Fargo has a financial incentive not to modify Plaintiff's loan and has engaged in deceptive practices to obstruct and obfuscate the loan modification process so that Ms. Guercia's application would result in a denial.

51.     The statutory scheme is in place specifically to prevent the outcome that result that Plaintiff experiences here. Plaintiff seeks to apply the statutory scheme to recover damages from Defendants for violations of 12 C.F.R. §1024.35, 12 C.F.R. §1024.36, 12 C.F.R. §1024.38, 12 C.F.R. §1024.39 and §1024.41 for failing to properly review Plaintiffs for a loan modification.

52.     Plaintiff also seeks damages from Defendants for its failure to correct errors of which Defendant was given lawful notice pursuant to 12 C.F.R. §1024.35.

53.     Plaintiffs also seek damages pursuant to GBL §349(a) based upon Wells Fargo's unfair and deceptive trade practices arising from their failure to have adequate processes and procedures to properly address and process requests for mortgage assistance in compliance with Wells Fargo's legal responsibilities.

54.     Plaintiffs believe that the statutory regime is designed to make the mortgage modification process transparent. The statutory regime is designed to ensure that borrowers have a statutory right to determine and review all documents that concern the servicing of their mortgage loan.  This includes the valuation of their homes, the instruments upon which the payment is based and calculated. It further includes the right to see a complete accounting for all monthly principal, interest, taxes and insurance paid on behalf of the borrowers.

55.     Where borrowers seek mortgage assistance and permanent mortgage modification, the statutory scheme ensures that the applicants for permanent mortgage modification are made aware of all loss mitigation options available to them. If certain options are not available, the servicer, here Wells Fargo, must provide a reasonable explanation as to why the options are not available to the borrowers pursuant to 12 C.F.R. §1024.41(c).

56.     Where a borrower's application for a mortgage modification is denied the statute provides for a written explanation of the denial and an appeal process pursuant to 12 C.F.R. §§1024.41(d) and (h).

57.     The statutory scheme is designed to ensure that borrowers who apply for loan modifications are evaluated fairly and that the programs and criteria under which they are reviewed are made transparent and applied equitably and fairly.

58.     The borrowers have the right to seek specific information concerning the mortgage servicing of their loan pursuant to 12 C.F.R. §1023.36.

59.     Plaintiff served Wells Fargo with requests for information pursuant to 12 C.F.R. 1023.36.

60.     Plaintiff also served Wells Fargo with notices of error pursuant to 12 C.F.R. §1024.35.

61.     Wells Fargo has failed to timely provide information pursuant to 12 C.F.R. §1024.36.

62.     Wells Fargo has failed to correct its errors pursuant to 12 C.F.R. §1024.35.

63.     Wells Fargo's conduct violates its legal obligations under RESPA.

64.     Wells Fargo's conduct is deceptive and unfair by establishing policies and procedures that are in derogation of Wells Fargo's legal obligations under State and Federal law with respect to the processing of requests for mortgage assistance or loss mitigation.

65.     Wells Fargo's conduct, policies and procedures result in Wells Fargo steering consumers away from affordable permanent mortgage modifications and ultimately cause needles harm to consumers rather than help consumers. The harm caused results in the loss of consumers' homes to foreclosure where a home retention option is otherwise available.

66.     Wells Fargo's conduct here is a matter of standard policy in that Wells Fargo has a legal obligation to review all delinquent borrowers that apply for loan modifications under procedural and substantive rules and laws established by New York State, federal law pursuant to RESPA and pursuant to rules established by the Department of the Treasury.

67.     Plaintiff is a consumer and Wells Fargo's acts are directed against Plaintiff as a consumer.

68.     Wells Fargo's conduct is unfair and deceptive and violates the obligations of good faith imposed under New York State Law and its obligations under RESPA and other federal laws.

69.     Wells Fargo's conduct specifically injured the plaintiff in this action and said conduct is the direct proximate cause of the harm and injuries to John Guercia and mortgagors as consumers that CPLR §3408, 3 NYCRR §419, and RESPA are meant to prevent.  By engaging in this unlawful conduct Wells Fargo has caused Plaintiff to suffer statutory, economic and non-economic damages.

70.     At all times material to this action Wells Fargo was acting as the agent of *U.S. Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6*. There is a written agreement designating Wells Fargo as the agent of *U.S. Bank National Association* and the relationship of the parties and their course of conduct establishes their principal agent relationship such that *U.S. Bank National Association* is liable for the actions of Wells Fargo in this matter through the doctrines of apparent agency, actual agency, respondeat superior and principal agent liability.

71.     Wells Fargo's conduct results in the denial of the Plaintiffs' opportunity to obtain an affordable permanent mortgage modification while denying the Plaintiffs' rights to review the criteria used by Wells Fargo for transparency, accuracy and truthfulness. Defendants lose equity in their homes and are deprived of possession of their homes due to foreclosure where a viable home retention option is available.

72.     Plaintiffs have been damaged by Defendants conduct and seek actual damages, statutory damages and punitive damages as allowed under the law, as a jury deems proper and may award.

## PLAINTIFF'S FIRST LOAN MODIFICATION APPLICATION

73.     Defendant made written inquiries with America's Servicing Company/Wells Fargo, concerning the modification programs for which he could apply in 2015. Defendant mailed to ASC a Request for Information dated November 10, 2015, See **Exhibit "C" [Complaint Attachment "1-3"].[1]**

74.     ASC/Wells Fargo continued to evade requests made in February and March 2016 by claiming that it could not understand the statutory requests for information. See Notices of Error from Plaintiff to ASC dated December 17, 2015 and March 1, 2016. See **Exhibit "D" [Complaint Attachment "1-4"],**

75.     On or about May 2, 2016 ASC responded to Defendant's counsel. See response from ASC dated May 2, 2016 annexed hereto as **Exhibit "E" [Complaint Attachment "1-5"].**

76.     On June 12, 2018 Plaintiff by and through his attorney Charles Wallshein transmitted the first set of Requests for Information to Wells Fargo. On July 12, 2018 Defendant Wells Fargo responded to Plaintiff's Requests for Information. See RFI and response, **Exhibit "F" [Complaint Attachment "1-6"].**

77.     On August 10, 2018, Defendant submitted his second application for modification to Wells Fargo. See **Exhibit "G" [Complaint Attachment "1-7"].**

78.     On August 20, 2018, Defendant's counsel received a "missing documents letter" ("MDL") See **Exhibit "H" [Complaint Attachment "1-8"].**

79.     Defendant received a denial of his request for mortgage assistance by letter dated November 5, 2018. See **Exhibit "I" [Complaint Attachment "1-9"].**

80.     On November 13, 2018, Defendant's counsel received a "letter from Wells Fargo stating that Wells Fargo "reviewed the decision" regarding the "appeal request". See **Exhibit "J"**

---

[1] Americas Servicing Company is a subsidiary of Wells Fargo and may be considered the same servicing entity.

**[Complaint Attachment "1-10"].** As of November 13, 2018, Plaintiff had not submitted an "appeal request to Wells Fargo.

81.    On November 20, 2018 Plaintiff transmitted its first and only appeal request letter to Wells Fargo identifying errors in computation, specifically the use of $7,762.00 as the Plaintiff-Borrower's income. **Exhibit "K" [Complaint Attachment "1-11"].**

82.    On November 23, 2018 Plaintiff received a letter from Wells Fargo that denied the Plaintiff's appeal. **Exhibit "L" [Complaint Attachment "1-12"].**

83.    Wells Fargo denied Defendant's application because it claims that his income is insufficient for the home retention option for which he was denied. The denial of the application did not calculate his income correctly, nor did it provide the basis for denial as required by law.

84.    Defendant's Request for Information dated June 12, 2018 sought information as to the loss mitigation programs it made available and an appeal of the denial of the loan modification application. See **Exhibit "F",** infra.

## PLAINTIFF'S SECOND NOTICE OF ERROR

85.    On February 6, 2019 Plaintiff transmitted a Notice of Error to Wells Fargo identifying errors Plaintiff identified with Wells Fargo's prior responses to prior appeal, prior Requests for Information, that the same person conducted the appeal review as the person who reviewed the modification application in the first instance and that Wells Fargo was duel tracking the loan by moving for judgment with a pending modification application that had not been lawfully denied. **Exhibit "M" [Complaint Attachment "1-13"].**

86.    On March 9, 2019 Wells Fargo transmitted its response to Plaintiff's Notice of Error. See **Exhibit "N" [Complaint Attachment "1-14"].**

87.    Wells Fargo failed to adequately respond to plaintiff's Request for Information. Specifically, Plaintiff's requests are mandated by statute and are not overbroad. Specifically, Plaintiff requested the specific parameters of the loan modification programs for which he was considered.

### PLAINTIFF'S THIRD LOAN MODIFICATION APPLICATION

88.    On or about May 7, 2019 plaintiff submitted his second application for loan modification with Wells Fargo.

89.    On May 22, 2019 Plaintiff received a letter of denial wherein Wells Fargo stated that his application was ineligible for review. See **Exhibit "O" [Complaint Attachment "1-15"]**.

90.    Plaintiff did not and could not appeal the decision because there was no review to appeal.

91.    In derogation of the law and ignoring the requests for information, Wells Fargo did not disclose any of the programs for which Plaintiff was being reviewed.

92.    Wells Fargo has created a review scenario where it issued general, conclusory and unspecific pro-forma denials to Mr. Guercia in an attempt to subvert and circumvent the transparency and specificity requirements of 12 C.F.R. §1024.35, 36 and 12 C.F.R. §1024.41(c) and (d).

93.    Wells Fargo's failure to provide a lawful basis for review under 12 C.F.R. §1024.41(d) should automatically render Wells Fargo's bogus denial pursuant to 12 C.F.R. §1024.41(d) as it is based on a bogus review of Ms. Guercia's complete application, void and without effect.

94.    Any subsequent advancement of the case to judgment and or sale is a prima facie dual tracking and in violation of 12 C.F.R. §1024.41(g) and (h).

95.    Wells Fargo has failed to correct its errors pursuant to 12 C.F.R. §1024.35.

96.    Wells Fargo is estopped from asserting that it considered Plaintiffs for a mortgage modification because Wells Fargo did not at any time evaluate Plaintiffs for all available loss mitigation options pursuant to 12 C.F.R. §1024.41(c).

97.     Defendants in bad faith and in derogation of the plain meaning of 12 C.F.R. §1024.41 deceptively mischaracterized its efforts to review for "all loss mitigation options" as defined and required by said statute.

98.     Further, the Wells Fargo's conduct constitutes a scheme to subvert the lawful consumer protections provided by law generally to all consumers in the State of New York. This subversion of general consumer protections affects consumers in the State of New York generally and has resulted in unnecessary foreclosures, and resulting needless harm inflicted on numerous consumers within the State of New York and Plaintiff in particular by denying consumers permanent, affordable loan modifications.

99.     Said response to available loss mitigation options is inadequate and incomplete as of the date of filing this complaint.

100.    Wells Fargo did not correct any errors described in the August 10, 2018 Notice of Error.  Wells Fargo has engaged in a pattern and practice of conduct that is generally harmful to consumers in the State of New York by inflicting needless harm on consumers by subverting the consumer protections provided by the State of New York, Federal Law and local rules in both State and Federal Courts applicable to this case.

101.    Further, the Defendants' conduct, set out herein, constitutes a scheme to subvert the lawful consumer protections provide by law generally to all consumers in the State of New York. This subversion of general consumer protections affects consumers in the State of New York generally and has resulted in unnecessary foreclosures, and resulting needless harm inflicted on numerous consumers within the State of New York and Ms. Guercia in particular by denying consumers permanent, affordable loan modifications.

102.    Plaintiff has been damaged by the Defendants' collective conduct and seek actual, statutory and punitive damages as allowed by the law as a jury deems reasonable and may award.

## FIRST CAUSE OF ACTION
## VIOLATION OF 12 C.F.R. §1024.41(d) and C.F.R. §1024.41(g)

103.    Plaintiff realleges all facts contained in prior paragraphs as if fully rewritten herein.

104.    Wells Fargo is in violation of the dual tracking rule.

105.    Dual tracking defines a situation where the loan servicer commences a foreclosure or moves an existing foreclosure case to judgment and or judgment of foreclosure and sale while an application for mortgage assistance has not been denied.

106.    As per the application for modification submitted by Plaintiff on August 10, 2018 and the Denial by Wells Fargo dated November 5, 2018, Plaintiff's Appeal of Denial dated November 20, 2018 and Wells Fargo's Denial of Plaintiff's Appeal dated November 23, 2018 Defendant-Wells Fargo failed to provide detailed reasons for the denial of Plaintiff's application for a loan modification.

107.    Wells Fargo has not provided a "denial" in lawful form or substance sufficient for Plaintiff to form the basis for an appeal of the denial.

108.    As a direct result of said failure to adequately respond to Plaintiff's appeal of the denial with a detailed explanation as required by to12 C.F.R. §1024.41(d) Plaintiff could not adequately take advantage of any of the loss mitigation options that may have been available to him during the foreclosure process to avoid the loss of his home.

109.    As a direct result of said failure to adequately respond to the notice of error in a timely manner as prescribed by the Rule, the Plaintiff was denied an opportunity to seek an affordable loss mitigation option and consider other possible options to resolve his default.

110.    Plaintiff had to engage counsel to enforce his rights under RESPA and have paid attorney's fees to their counsel solely for the purpose of sending requests for information and notices of error and communicating with the Servicer in an attempt to avoid litigation and obtain an affordable loan modification.

111.    Wells Fargo has obfuscated the process and made the loss mitigation process opaque so that John Guercia and consumers such as John Guercia cannot review the information

used by Wells Fargo in the denial to formulate a formal appeal pursuant to12 C.F.R. §1024.41(h) with any degree of accuracy.

112.    Wells Fargo's failure to provide an accurate and detailed basis for the denial of Plaintiff's loan modification application pursuant to to12 C.F.R. §1024.41(d) operates as if Wells Fargo had transmitted no denial decision at all.

113.    Without a compliant denial there can be no meaningful appeal by Plaintiff.

114.    Plaintiff's application has not been lawfully denied. Wells Fargo's denial letter is a nullity and the application is therefore still "open". Wells Fargo moved for judgment of foreclosure on January 12, 2019 while the application for modification had not been lawfully denied.

115.    Wells Fargo has dual tracked Plaintiff's loan modification by actively pursuing judgment while an application for mortgage assistance is still open.

116.    John Guercia has suffered actual damages in the form of economic damages resulting from Wells Fargo's misconduct in the form of attorney's fees, accrued mortgage interest, costs, time spent attempting to obtain mortgage assistance including both personal and work time.

117.    Plaintiff-Guercia has suffered actual damages in the form of noneconomic damages resulting from Wells Fargo's misconduct in the form of mental anguish, a category of damages within which Ms. Guercia include stress, distress, worry, loss of sleep, anxiety, nausea, fear, pain and suffering, and temporary loss of a normal life resulting from the impact of Wells Fargo's misconduct on Ms. Guercia's normal life.

118.    WHEREFORE, premises considered, John Guercia demands judgment against Wells Fargo for all lawful damages in an amount the jury deems reasonable and may award.

### SECOND CAUSE OF ACTION
### VIOLATION OF 12 C.F.R. §1024.35 and 12 C.F.R. §1024.41(c) 12 C.F.R. §1024.41(d) and 12 C.F.R. §1024.41(h)

119.    Plaintiff realleges all facts contained in prior paragraphs as if fully rewritten herein.

120.    As per the Notice of Error delivered to Defendant Wells Fargo, dated February 6, 2019, Defendant-Wells Fargo failed to correct its failure to address the requests for information items contained in the Request for Information dated June 12, 2018 and failed to correct the

following errors identified in the Notice of Error in its March 5, 2019 response to said Notice of Error:

    i.    The Consumer-Debtor in this case believes that you have violated 12 CFR §1024.35 by failing to provide him with an accurate explanation for denials of the Wells Fargo proprietary modification program in its denial dated December 5, 2018.

    ii.    The Consumer-Debtor in this case believes that you have violated 12 CFR §1024.41(h) by failing to conduct a proper review and failing to adequately respond to his appeal of the loan modification denial dated November 20, 2018.

    iii.    The Consumer-Debtor in this case believes that you have violated 12 CFR §1024.41(f) & (g) by moving for final judgment in the foreclosure action in an attempt to sell the property in derogation of the rule against dual tracking.

    iv.    The Consumer-Debtor in this case believes that you have violated 12 CFR §1024.41(h)(3) by having the same loss mitigation review specialist review the borrower's application and the appeal of the denial therefrom.

121.    Defendant Wells Fargo has failed to timely address notices of error for failing to adequately provide responses to Plaintiffs' Requests for Information within ten (10) days as prescribed by 12 C.F.R. §1024.36(d)(2)(i)(A).

122.    Defendant has failed to timely address Plaintiff's Requests for Information within thirty (30) days as prescribed by 12 C.F.R. §1024.36(d)(2)(i)(B).

123.    As a direct result of said failure to adequately respond to the notice of error in a timely manner as prescribed by the Rule, Plaintiffs could not adequately evaluate the loss mitigation offers and other options extended by Wells Fargo.

124.    As a direct result of said failure to adequately respond to the notice of error in a timely manner as prescribed by the Rule, Plaintiffs could not adequately take advantage of any of the loss mitigation options that may have been available to him during the foreclosure process to avoid the loss of his home.

125.    As a direct result of said failure to adequately respond to the notice of error in a timely manner as prescribed by the Rule, the Plaintiff was denied an opportunity to seek an affordable loss mitigation option and consider other possible options to resolve his default.

126.    Plaintiff had to engage counsel to enforce his rights under RESPA and have paid attorney's fees to their counsel solely for the purpose of sending requests for information and

notices of error and communicating with the Servicer in an attempt to avoid litigation and obtain an affordable loan modification.

127.    Wells Fargo has obfuscated the process and made the loss mitigation process opaque so that John Guercia and consumers such as John Guercia cannot review the information used by Wells Fargo in the denial to formulate a formal appeal pursuant to12 C.F.R. §1024.41(h) with any degree of accuracy.

128.    John Guercia has suffered actual damages in the form of economic damages resulting from Wells Fargo's misconduct in the form of attorney's fees, accrued mortgage interest, costs, time spent attempting to obtain mortgage assistance including both personal and work time.

129.    Plaintiff-Guercia has suffered actual damages in the form of noneconomic damages resulting from Wells Fargo's misconduct in the form of mental anguish, a category of damages within which Ms. Guercia include stress, distress, worry, loss of sleep, anxiety, nausea, fear, pain and suffering, and temporary loss of a normal life resulting from the impact of Wells Fargo's misconduct on Ms. Guercia's normal life.

130.    WHEREFORE, premises considered, John Guercia demands judgment against Wells Fargo for all lawful damages in an amount the jury deems reasonable and may award.

### THIRD CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 1692, et seq.
### THE FAIR DEBT COLLECTION PRACTICES ACT

131.    Plaintiff realleges all facts contained in prior paragraphs as if fully rewritten herein.

132.    15 U.S.C. §1692(f) provides in relevant part:

**False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(2) The false representation of --

(A) the character, amount, or legal status of any debt; or
. . .
(10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer.

133.    Wells Fargo violated 15 U.S.C. § 1692(f) because its conduct as outlined herein constitutes the use of false, deceptive or misleading means to collect or to attempt to collect a debt. That is, Wells Fargo's efforts to steer John Guercia and other consumers that seek mortgage modification to financially disadvantageous loan modifications, dual-tracking, and false or deceptive statements about loss mitigation options and consumer's rights to mortgage assistance are false, deceptive and misleading.

134.    Wells Fargo violated 15 U.S.C. § 1692(d) by employing an unfair and unconscionable means to collect a consumer debt. Wells Fargo's efforts to subvert John Guercia's consumer protections afforded under the law to advance Wells Fargo's financial interests and to continue to push for foreclosure while using schemes and artifices to deny affordable mortgage loan modifications constitute unfair and unconscionable means to attempt to collect a debt.

135.    The foreclosure initiated by Wells Fargo against the Plaintiff remains pending, and the Plaintiffs continue to accrue additional legal fees and costs.

136.    In addition, Wells Fargo conduct has caused the Plaintiff to suffer great emotional distress driven by the fear that they might lose his home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

137.    Wells Fargo's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights. Plaintiff has had to engage counsel to receive statutory compliance and for lawful review of her modification application insofar as a lawful review would have yielded a lawful modification plan offer from Defendants.

138.    John Guercia has suffered actual damages in the form of economic damages resulting from Wells Fargo's misconduct in the form of attorney's fees, costs, time spent attempting to address the foreclosure including both personal and work time.

139.     John Guercia has suffered actual damages in the form of noneconomic damages resulting from Wells Fargo's misconduct in the form of mental anguish, a category of damages within which include stress, distress, worry, loss of sleep, anxiety, nausea, fear, pain and suffering, and temporary loss of a normal life resulting from the impact of Wells Fargo's misconduct on John Guercia's normal life.

WHEREFORE, premises considered, the John Guercia demands judgment against Wells Fargo for all lawful damages in an amount the jury deems reasonable and may award.

## FOURTH CAUSE OF ACTION
## VIOLATION OF GBL 349(a) and (h)

140.     Plaintiff realleges all facts contained in prior paragraphs as if fully set forth herein.

141.     At all times material to this case the Defendants Wells Fargo Bank NA and Plaintiff-Trust have acted in concert together in a manner inconsistent with New York State Law governing the good faith conduct required of lenders concerning good faith review for all mortgage modification applications.

142.     The Defendants' collective conduct violates and subverts the protections provided to consumers by CPLR §3408(f)(2) and 3 NYCRR 419.7, 3 NYCRR 419.10. CPLR §3408(i) and (j) is a consumer protection statute that operates within the context of a foreclosure action only.

143.     CPLR §3408(f) specifically incorporates into foreclosure actions those state laws and rules that creates a private right of action against Plaintiffs and its respective representative(s) pursuant to General Business Law §349.

144.     GBL §349(g) identifies the Defendants' conduct here as per se deceptive and unfair as the conduct described violates CPLR §3408(f)(2) and 3 NYCRR 419.7, 3 NYCRR 419.10, and is subject to redress and remedy pursuant to CPLR §3408(i) and (j) and 12 U.S.C. §2605(f). These laws specifically address consumer protections that must be afforded to all mortgagors that seeks mortgage assistance through RESPA and New York State loan servicing rules and laws.

145.     The Defendants collectively engaged in "dual-tracking" in violation of law.

146.     The Defendants' collective conduct violates and subverts the protections provided to consumers generally and John Guercia specifically by subverting, avoiding and denying consumers generally and John Guercia specifically, the rights and protections set out in the applicable sections of RESPA and Regulation X by failing to consider John Guercia for appropriate loss mitigation, failing to respond to their requests for information, notices of error and notices of appeal with respect to their mortgage loan account and their applications for loss mitigation assistance.

147.     The Defendants' collective conduct violates and subverts the protections provided to consumers generally and John Guercia specifically by engaging in active deception and fraud as defined by state law with respect to the availability of mortgage modification relief.

148.     The Defendant-Trust made intentional misrepresentations of fact through Wells Fargo to John Guercia regarding the ability to modify the mortgage loan. The misrepresentations made by Wells Fargo and its principal include the false pretextual excuse proffered that the trust is contractually restricted by its loan servicing agreement from modifying the terms of loans in the trust.

149.     The Defendants failed to provide requested information in an effort to prevent consumers in general from understanding all of their loss mitigation options and to assist the Plaintiff herein and the public at large in steering consumers who seek loan modifications to financially disadvantageous modifications or from denying loan modification options at all.

150.     The Defendants engaged in a pattern and practice of concealing the guidelines and loss mitigation procedures to maintain informational advantages over the consumers that sought mortgage assistance.

151.     The Defendants engaged in deceptive practices to avoid disclosure of applicable loss mitigation policies and procedures to applicants seeking mortgage assistance for the purpose of thwarting consumers' rights to access this information and to make informed decisions about offers of mortgage assistance.

152.    The Defendants engaged in a pattern and practice of conduct that is in derogation of federal and state law that require transparency in the mortgage loan servicing and mortgage modification application process.

153.    The Defendants engaged in a pattern and practice of failing to consider all mortgage assistance programs by steering consumers to programs of the Defendants' choosing that are financially advantageous to the Defendants.

154.    The Defendants are engaged in a pattern and practice of deception and misrepresentations that are hostile to Plaintiffs' rights to a good faith, lawful, and compliant review of requests for mortgage assistance in violation of law.

155.    The Defendants engaged in a pattern and practice of omitting and suppressing the true facts regarding the Defendants' review of requests for mortgage assistance including their efforts to steer consumers to financially disadvantageous mortgage modifications.

156.    The effect of these misrepresentations and the suppression and omission of the true facts are to deny John Guercia and other consumers so situated the protections afforded under New York and Federal Law for the collective benefit of the Defendants.

157.    This conduct is not limited to Plaintiff John Guercia but was and is directed at consumers generally by the Defendants. The Trust and its agent-Wells Fargo's conduct, policies and procedures result in Wells Fargo steering consumers away from affordable permanent mortgage modifications and ultimately cause needles harm to consumers rather than help consumers. The harm caused results in the loss of consumers' homes to foreclosure where a home retention option is otherwise available.

158.    The Trust and its agent Wells Fargo's conduct here against this particular Plaintiff is a matter of Wells Fargo's standard policy in that Wells Fargo has a legal obligation to review all delinquent borrowers that apply for loan modifications under procedural and substantive rules and laws established by New York State, federal law pursuant to RESPA and pursuant to rules established by the Department of the Treasury.

159.    Plaintiff is a consumer and the Trust and is agent Wells Fargo's acts are directed against Plaintiff as a consumer.

160.    Wells Fargo's conduct is unfair and deceptive and further violates the obligations of good faith imposed under New York State Law and its obligations under RESPA and other federal laws.

161.    Wells Fargo's conduct specifically injured the plaintiff in this action by causing the plaintiff to suffer economic and non-economic damages proximately caused by Wells Fargo's conduct.

162.    Plaintiff has suffered damages because Wells Fargo advanced the state law foreclosure to judgment of foreclosure and sale in contemplation of scheduling a foreclosure auction despite the fact that it had never lawfully denied Plaintiff's loan modification application as required by state and federal law. Plaintiff was forced to defend this action at judgment while the loan modification was still pending and to incur additional expenses for legal counsel to apply for a third time for a loan modification.

163.    The Defendants' acts or practices are unfair, deceptive and misleading in a material way and its misconduct causes needless harm to consumers generally and to Plaintiff specifically by denying mortgage relief to which Plaintiff and other consumers are legally entitled.

164.    But for Defendant's refusal to initiate and conduct a meaningful review for loss mitigation with a home retention option John Guercia has been injured and damaged as a result of the collective misconduct of the Defendants as alleged herein.

165.    John Guercia has suffered actual damages in the form of economic damages resulting from the Defendants' actions in the form of attorney's fees, accrued mortgage interest, costs, time spent addressing the Defendants' misconduct including both personal and work time.

166.    John Guercia has suffered actual damages in the form of noneconomic damages resulting from the Defendants' actions in the form of mental anguish, a category of damages within which include stress, distress, worry, loss of sleep, anxiety, nausea, fear, pain and suffering, and temporary loss of a normal life resulting from the impact of the Defendants collective misconduct on John Guercia's normal life.

WHEREFORE, premises considered, John Guercia demands judgment against the Defendants for all lawful damages in an amount the jury deems reasonable and may award including, specifically, an award of punitive damages.

## **JURY DEMAND**

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

Respectfully submitted,

_____/S/_____
Charles Wallshein Esq.
Attorney for Plaintiff
35 Pinelawn Road
Suite 106E
Melville, NY 11747
631 824-6555
cwallshein@wallsheinlegal.com

23
Guercia Complaint